*697 OPINION.
MaRquette:
The respondent has not determined any deficiencies for 1921 and 1923; hence, we have no jurisdiction of the issues raised in respect of those years. Wolf Mfg. Co., 10 B.T.A. 1161, and Lowe & Campbell Athletic Goods Co., 18 B.T.A. 1134. The proceedings are dismissed, so far as they relate to those years.
Only two issues remain for decision at this time: (1) Whether petitioner’s profits tax for 1917 should be computed under section 209 of the Revenue Act of 1917, at the rate of 8 per centum; and (2) whether respondent erred in allowing the deduction from 1922 income, of certain wages which, at the close of that year, were unclaimed by the persons entitled thereto.
Section 209 of the Revenue Act of 1917 provides:
That in the case of a trade or business having no invested capital, or not more than a nominal capital there shall be levied, assessed, collected, and paid, in addition to the taxes under existing law and under this act, in lieu of the tax imposed by section two hundred and one, a tax equivalent to eight per centum of the net income of such trade or business in excess of the following deductions: In Ihe case of a domestic corporation $3,000; * * *
We have made findings of fact based upon the evidence which conclusively indicates that the petitioner had no invested capital in 1917. Any lengthy discussion of the evidence is entirely unnecessary and would add nothing to what has already been stated in those findings. The petitioner is entitled, therefore, to have its 1917 excess profits tax computed at the rate of 8 per centum upon the net income in excess of the deduction of $3,000, as provided in the above quoted provisions of section 209.
*698 The other issue to be considered arises from the affirmative alienation in the respondent’s amended answer, which is as follows:
Petitioner reduced its income for the year 1922 by setting up, as an account payable, unclaimed wages in the amount of $3,9S2.31. Respondent alleges that petitioner’s liability for said item was contingent and based upon conjecture; that no claim for any part of said wages hag been filed with petitioner; and that the time within which any creditor might sue for recovery of any part of said wages has expired. Respondent alleges that said item is not a proper charge against the income of the petitioner for the year 1922; that the book entries covering said item should be reversed; and that petitioner’s income for the year 1922 should be increased accordingly. Respondent has claimed, in the alternative, that said item should be included in income for the year 1928 and said claim is now pending before the Board in the case of North American Coal Corporation v. Commissioner, Docket No. 52492.
The stipulation which the parties orally made at the hearing sets forth that of the amount in question, $3,982.31, only $1,128.52 was deducted by the petitioner, and allowed by the respondent, in computing taxable net income for 1922, the remainder having been deducted in prior years. There is nothing in the stipulated facts which would indicate that the amount of $1,128.52 representing accrued and unpaid wages at the close of the year was improperly allowed by the respondent in computing the taxable net income for 1922.

The proceeding in Docket No. 35860 will be restored to the general calendar for hearing in due course, under Buie 68 (b), on the special assessment issues, unless the petitioner files a waiver of such issues within 30 days after the promulgation hereof, in which event, jjudgment 'will be entered under Rule 50. Judgment will be entered in Docket No. 35617 in accordance with Bule 50.